UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIRST HOME BANK,

    Plaintiff,

v.                               Case No. 8:17-cv-1776-T-33MAP

JANE'S WORLD, INC.,
and LORI ELLEN SHANNON,

    Defendants.
_____/

## **ORDER**

This cause is before the Court pursuant to Plaintiff First Home Bank's Motion for Default Final Judgment (Doc. # 15), which was filed on September 28, 2017. In the Motion, First Home Bank moves for entry of a default final judgment pursuant to Rule 55(b)(2), Fed. R. Civ. P., against Defendants Jane's World, Inc., and Lori Ellen Shannon in the amount of $334,905.08 as of September 18, 2017, plus interest of $62.01 per day. (Doc. # 15). For the reasons that follow, the Court grants the Motion and directs the Clerk to enter a Judgment in favor of First Home Bank in the total amount of $335,959.25.

**I.  Legal Standard**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

1

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

**II. Analysis**

First Home Bank filed its complaint on July 24, 2017, against Jane's World and Shannon for various causes of action relating to defaults on a promissory note executed by Jane's

2

World and on Shannon's guarantee of that note. (Doc. # 1). First Home Bank served the registered agent for service of process for Jane's World, Lori Ellen Shannon, with a summons and copy of the complaint pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) on August 5, 2017. (Doc. # 7). At the same time, it individually served Shannon pursuant to Rule 4(e)(2)(A). (Doc. # 8). Proof of service was filed with the Court on August 15, 2017. (Doc. ## 7, 8).

Defendants had twenty-one days from the day they were served to file a responsive pleading. Fed. R. Civ. P. 12(a). Neither Defendant filed a responsive pleading within that period, which ended August 28, 2017. First Home Bank applied for an entry of default as to both Defendants on August 31, 2017. (Doc. ## 9, 10). The Clerk entered default as to both Defendants on September 1, 2017. (Doc. ## 11, 12).

On September 28, 2017, First Home Bank filed the Motion for Default Judgement, seeking unpaid principal of $323,358.28; prejudgment interest of $5,138.29 from June 27, 2017 to September 18, 2017, presently accumulating interest at $62.01 per day; late fees of $794.00; inspection expenses of $480.00; attorneys' fees of $4,430.00; and costs of $704.51. The total amount sought is $334,905.08, as of September 18, 2017, plus interest of $62.01 per day.

(Doc. # 15).

Based on the Clerk's Defaults (Doc. ## 11, 12) and the well-pled factual allegations contained in the Complaint (Doc. # 1), First Home Bank has established that it is entitled to the amount sought. It established that Jane's World defaulted on a promissory note – Loan Number 8404205006, originally in the amount of $350,000.00 – and Shannon defaulted as guarantor of that note, both by failing to pay the installment payment due on the Note on June 1, 2017, and by providing notice to the public of Jane's World's intention to go out of business and liquidate the collateral on the Note. The amount sought is described in detail by the affidavits in support of the Motion for Final Default Judgment and their attachments. (Doc. # 16, 16-1, 16-2, 16-3). The Court notes that the First Home Bank is entitled to the fees and costs requested pursuant to the Note (Doc. # 1-2) and that the attorneys' fees being sought are fair, reasonable, and necessary. The Court further determines that a hearing on this matter is not needed because the amounts due are capable of accurate and ready mathematical computation or ascertainment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. First Home Bank's Motion for Entry of Default Final Judgment (Doc. # 15) is **GRANTED**.

2. First Home Bank shall tender the original promissory note to the Clerk by **October 13, 2017**.

3. Upon receipt of the original Promissory Note, the Clerk is directed to enter judgment for Plaintiff First Home Bank against Defendants Jane's World, Inc., and Lori Ellen Shannon, in the amount of **$335,959.25.** This amount consists of outstanding principal of $323,358.28; prejudgment interest of $6,192.46 from June 27, 2017 to October 5, 2017; late fees of $794.00; inspection expenses of $480.00; attorneys' fees of $4,430.00; and collection costs of $704.51. The Judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961.

4. After entry of Judgment, the Clerk is directed to **CLOSE THIS CASE**.

   **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of October, 2017.

   _____
   VIRGINIA M. HERNANDEZ COVINGTON
   UNITED STATES DISTRICT JUDGE